**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

James Lamont Moore,

      Petitioner

v.

Warden Oliver, et al.,

      Respondents

Case No.: 2:24-cv-00774-JAD-MDC

**Order Granting Motion to Dismiss, Denying Certificate of Appealability, and Closing Case**

[ECF Nos. 19, 26]

James Lamont Moore brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the Nevada Department of Corrections ("NDOC") is incorrectly calculating his good-time credit and aggregate minimum parole eligibility.[1] Respondents move to dismiss the petition as noncognizable on federal habeas review.[2] They also argue that the petition is untimely and successive. Because Moore raises purely state-law claims that are not cognizable in a federal habeas proceeding, I grant the motion and dismiss his petition. I also deny a certificate of appealability and direct the Clerk of Court to enter judgment accordingly and close this case.

**Background**

Nearly 30 years ago, Moore robbed a Las Vegas bar in the early hours of the morning, shot and killed the bartender at point-blank range, and robbed the other five patrons.[3] A jury in the Eighth Judicial District Court for Clark County, Nevada, found him guilty of first-degree

---

[1] ECF No. 7.

[2] ECF No. 19.

[3] *See* Exh. 28 at 70–76.

1 | murder, three counts of attempted robbery with a deadly weapon, and two counts of robbery with

2 | a deadly weapon.[4]  In the penalty phase, the jury found several mitigating factors, including no

3 | significant prior criminal history and Moore's youth, so it declined to impose the death penalty.[5]

4 | The court sentenced Moore to two consecutive terms of life with the possibility of parole,

5 | followed by four consecutive 15-year terms.[6]  Judgment of conviction was filed in April 1996.[7]

6 | The Nevada Supreme Court affirmed the convictions and the denial of Moore's state

7 | postconviction petition.[8]

8 |       Moore has since pursued state postconviction habeas relief for decades—the Nevada

9 | Court of Appeals affirmed the denial of his eighth state postconviction petition in 2019.[9]

10 | Relevant to this federal petition, Moore filed a motion for the NDOC to correct his sentence in

11 | 2021.[10]  The  state district court consolidated that motion with a petition for writ of mandamus or

12 | prohibition that Moore filed in 2022 to correct his aggregate sentence.[11]  The state district court

13 | denied the petitions,[12] and the Nevada Court of Appeals affirmed that denial.[13]

14 |       In this 2024 federal petition, Moore alleges:

15 |       Ground 1: NDOC has improperly calculated his sentence in violation of NRS 209.4465, which violates his Fourteenth Amendment rights by:

16 |

---

[4] Exhibits 34–39.  Exhibits referenced in this order are exhibits to respondents' motion to dismiss and are found at ECF Nos. 9-13.

[5] Exhs. 45–47.

[6] Exh. 66.

[7] *Id*.

[8] Exhs. 70, 96.

[9] Exh. 216.

[10] Exh. 238.

[11] Exhs. 240, 248.

[12] Exh. 256.

[13] Exh. 266.

(A) Deducting 10 days of statutory good-time credit from his minimum parole eligibility and maximum term instead of 20 days as prescribed by NRS 209.4465, and the NDOC has refused to deduct this time from his minimum parole eligibility in violation of NRS 209.445 and state case law;

(B) Refusing to apply NRS 209.4465(8) and (9) to reduce Moore's minimum parole eligibility date and make him eligible for parole; and

(C) Violating his right to be free from ex post facto laws by denying Moore his 20 days statutory good-time credits against his minimum parole eligibility.

Ground 2: Moore's aggregate minimum parole eligibility length is incorrect.[14]

Respondents move to dismiss the petition as noncognizable, successive, and untimely.[15]

**Discussion**

Respondents argue that the petition fails to state any truly federal claims.[16] A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[17] Alleged errors in the interpretation or application of state law do not warrant federal habeas relief[18] because it is not for a federal court to reexamine state-court determinations on state-law questions; federal courts are limited to deciding whether a conviction violated the petitioner's federal constitutional rights.[19] Generally, matters relating to state sentencing are not cognizable on federal habeas review. When success

---

[14] ECF No. 7.

[15] ECF No. 19. Moore opposed, and respondents replied. ECF Nos. 20, 25.

[16] ECF No. 19 at 12-16.

[17] 28 U.S.C. § 2254(a).

[18] *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

[19] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

3

1  on a claim would not necessarily lead to immediate or earlier release, the claim it is not

2  cognizable in federal court.[20]

3      In Moore's situation, relief with respect to his minimum parole eligibility would not

4  necessarily lead to a speedier release.  The only available remedy would be for the NDOC to

5  apply credit to his minimum parole eligibility and expedite a parole hearing.[21]  Nevada prisoners

6  do not have a liberty interest in parole or parole eligibility.[22]  State law provides that the parole

7  board "may" release prisoners on parole, but it does not confer a legitimate expectation of parole

8  release and thus does not create a constitutionally cognizable liberty interest that would invoke

9  federal due process.[23]  While the right to apply for parole is a constitutionally protected interest,

10  the expectancy of release is not protected.[24]  Because Moore challenges the computation of his

11  sentence with respect to his minimum parole eligibility, his claims are noncognizable on federal

12  habeas review.  So I dismiss his petition for failure to state a claim for which federal habeas

13  relief may be granted.[25]

14

15

16

17

_____

18  [20] *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

   [21] *Williams v. State of Nevada Dep't of Corr*., 402 P.3d 1260, 1265, n.7 (Nev. 2017).

19  [22] *See Moor v. Palmer*, 603 F.3d 658, 661–662 (9th Cir. 2010).

20  [23] NRS 213.1099; *see Severance v. Armstrong*, 620 P.2d 369, 370 (Nev. 836 (1980); *Weakland v. Board of Parole Comm'rs*, 678 P.2d 1158 (Nev. 1984).

21  [24] *See Severance*, 620 P.2d at 370.

22  [25] The court also notes that the Nevada state courts explained with specificity that NDOC is properly calculating his minimum eligibility according to the Nevada statutes that apply to

23  crimes committed in 1994—the year Moore committed his crimes.  *See* Exh. 266.

**Certificate of Appealability**

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability.  To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[26]  If "a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[27]  Because I do not find that reasonable jurists would find this dismissal debatable or wrong, I decline to issue a certificate of appealability.

**Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 19] is GRANTED.  The petition is DISMISSED** for failure to state a claim for which federal habeas relief may be granted, and a certificate of appealability will not issue.

IT IS FURTHER ORDERED that petitioner's motion for status check **[ECF No. 26] is DENIED** as moot.

The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 2, 2025

---

[26] 28 U.S.C. § 2253(c).

[27] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).